UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. BRANTLEY,

      Petitioner,

                              Case No: 07-CV-15478
                              HON. AVERN COHN

v.

CARMEN PALMER,

      Respondent.

_____/

## MEMORANDUM AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

### I.  Introduction

This is a habeas case under 28 U.S.C. §2254.  Petitioner John W. Brantley, ("Petitioner"), filed a petition for writ of habeas corpus through counsel claiming that he is incarcerated[1] in violation of his constitutional rights.  Before the Court is Respondent's motion to dismiss the petition as untimely.  For the reasons that follow, the motion is granted and the petition will be dismissed.

### II.  Background

Petitioner pled guilty in Wayne County Circuit Court on June 14, 2002 to second-degree murder and felony firearm.  He was sentenced on March 4, 2002 to 18 to 30 years' imprisonment for the second-degree murder conviction and a 2-year term for the felony-firearm conviction.  Petitioner's convictions stem from the shooting death of Tony Marshall.

---

[1]Petitioner is presently confined at the Michigan Reformatory in Ionia, Michigan where Carmen Palmer is the warden.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals which was dismissed as untimely. People v. Brantley, No: 247891 (Mich. Ct. App. June 2, 2003). Petitioner filed a motion for reconsideration which was denied. People v. Brantley, No: 247891 (Mich. Ct. App. Oct. 9, 2003). Petitioner did not appeal the October 9, 2003 order to the Michigan Supreme Court. On January 23, 2004, Petitioner, through counsel, filed a motion for relief from judgment with the trial court. The motion was denied on March 23, 2005. Petitioner subsequently filed a motion for reconsideration which was denied on June 19, 2006. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals in order to challenge the denial of his motion for relief from judgment. The delayed application for leave to appeal was denied. People v. Brantley, No: 268965, (Mich. Ct. App. Sept. 28, 2006). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court which was denied on January 29, 2007. People v. Brantley, 477 Mich. 1006; 726 N.W.2d 17 (2007)(table).

Petitioner filed the instant petition on December 27, 2007.

III.  Discussion

A.  Legal Standard

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in

2

> violation of the Constitution or laws of the United States is removed, if the
> application was prevented from filing by such State action; (C) the date on
> which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). A federal court will dismiss a case where a petition for a writ of

habeas corpus does not comply with the one-year statute of limitations. See Wilson v.

Birkett, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002); see also Holloway v. Jones, 166 F.

Supp. 2d 1185, 1187 (E.D. Mich. 2001).

### B. Application

Here, because during the direct appeal process Petitioner did not file an appeal

with the Michigan Supreme Court, the time for a direct appeal of Petitioner's conviction

ended upon the expiration of 56-days following the October 9, 2003 order from the

Michigan Court of Appeals denying Petitioner's motion for reconsideration. Therefore,

Petitioner's direct appeal period ended and his judgment became final on December 4,

2003, when he failed to file an appeal with the Michigan Supreme Court. See M.C.R.

7.302(C)(4). Petitioner therefore had one year from December 4, 2003 to timely file a

petition for habeas relief with the federal court. 28 U.S.C. §2244(d)(1)(A). Absent state

collateral review, Petitioner would have been required to file his petition for writ of

habeas corpus with the federal court no later than December 4, 2004.

As noted above, Petitioner filed a motion for relief from judgment on January 23,

2004. A properly filed application for state post-conviction review or other state collateral

review (i.e., motion for relief from judgment or motion for a new trial) tolls the statute of

limitations during the period the application is pending, but it cannot revive the statute of

3

limitations period (i.e., restart the clock) after the limitations period has expired.  See

Hargrove v. Brigano, 300 F.3d 717, 718, n.1 (6th Cir. 2002); 28 U.S.C. §2244(d)(2).

Such a post-judgment filing can only serve to pause a clock that has not yet fully run.

Benoit v. Bock, 237 F. Supp. 2d 804, 807 (E.D. Mich. 2003).  Once the limitations period

has expired, collateral petitions can no longer serve to avoid a statute of limitations.

Here, Petitioner filed a motion for relief from judgment on January 23, 2004, fifty

(50) days after that statutory period began to run.  Therefore, the statute was tolled on

January 23, 2004 pending the completion of Petitioner's application for collateral relief.

The state post-conviction process ended on January 29, 2007 when the Michigan

Supreme Court denied Petitioner's application for leave to appeal.  Since Petitioner had

315 days remaining on the statutory period (since 50 days had already transpired) in

which to file his habeas corpus petition, Petitioner was required to file his petition by

December 11, 2007.  Petitioner did not file his request for habeas relief until December

27, 2007.  Petitioner's habeas action is thus barred by the statute of limitations set forth

at 28 U.S.C. §2244(d).

C.  Petitioner's Arguments That Petition Should Be Considered Timely

1.  The 90-day time for seeking certiorari should apply

Petitioner first argues claims that his judgment on direct appeal should not have

become final only after the expiration of the 56 days, but that the additional 90-day time

period for seeking certiorari with the United States Supreme Court should also have

been added.  Petitioner says that the petition would be timely under those

circumstances.

Petitioner's argument is not well taken.  It is clear that where a Petitioner fails to

4

seek direct review in the Michigan Supreme Court, a conviction becomes final 56 days later, when the time for filing an application for leave to appeal in the Michigan Supreme Court expired.  See Redmond v. Jackson, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); Brown v. McKee, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002) (same); Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).

It is true that Petitioner had 90-days in which to seek a writ of certiorari with the United States Supreme Court.  See 13(1), Supreme Court Rules.  However, this additional 90 days would have been available to the Petitioner if he had filed an application for leave to appeal with the Michigan Supreme Court on direct appeal.  He did not.  Instead, Petitioner filed a motion for relief from judgment with the trial court after his delayed application for leave to appeal was denied by the Michigan Court of Appeals. Therefore, Petitioner was not in a position to seek a writ of certiorari with the Supreme Court and cannot be granted that 90-day time frame in an effort to extend the statute of limitations in this case.

### 2.  Equitable tolling

Petitioner also argues that the petition should be equitably tolled.  The Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling.  Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001).  "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate.  Allen v. Yukins, 366 F.3d

5

396, 401 (6th Cir. 2004). In <u>Dunlap</u>, the Sixth Circuit held that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in <u>Andrews v. Orr</u>, 851 F.2d 146 (6th Cir. 1988). The five parts of the test are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." <u>Dunlap</u>, 250 F.3d at 1008. Nevertheless, "equitable tolling [should] be applied sparingly [.]." *Id.* at 1008. "The petitioner bears the burden of establishing that he is entitled to equitable tolling" <u>McClendon v. Sherman</u>, 329 F.3d 490, 494 (6th Cir. 2003).

"These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." <u>Miller v. Collins</u>, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." <u>Jurado v. Burt</u>, 337 F.3d 638, 642 (6th Cir. 2003), quoting <u>Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.</u>, 209 F.3d 552, 560 (6th Cir. 2000).

First, under the "lack of notice of the filing requirement" prong of the equitable tolling test, Petitioner says that there was confusion about filing requirements, that calculating time for purposes of statute of limitations is complex, and that the motion for relief from judgment was dated December 22, 2003, but not filed until January 23, 2004. The argument is not persuasive. Petitioner has been represented by an attorney at each

6

and every stage leading up to this Court's habeas review.  The Rule 5 materials do not reflect the filing of any <u>pro se</u> pleadings.  For purposes of the statute of limitations issue, the quality of that attorney's legal representation is not relevant.  Since Petitioner was represented by legal professionals throughout these proceedings, lack of notice relative to filing requirements is not an acceptable basis for invoking equitable tolling in this case.

Petitioner next claims that his diligence in pursuing this matter justifies equitable tolling in this case.  The record indicates that Petitioner failed to file his direct appeal timely, failed to file an application for leave to appeal with the Michigan Supreme Court on direct appeal, and after collateral review from a 2002 conviction was concluded on January 29, 2007, he waited 331 days before he filed this habeas petition.  While Petitioner's conduct may not have been intentionally dilatory, it has not been diligent; and as a result Petitioner is not entitled to equitable tolling on this basis.

Petitioner contends that Respondent would not suffer any prejudice if the Court were to permit equitable tolling in this case.  The Court notes that the absence of prejudice to the respondent is a factor to be considered "only after a factor that might justify tolling is identified."  <u>Vromen v. Brigano</u>, 346 F.3d 598, 605 (6th Cir. 2003).  No such factor has been identified.  Therefore, Petitioner has failed to demonstrate that he is entitled to equitable tolling by asserting lack of prejudice.

3.  Actual innocence

Finally, Petitioner argues that he is actually innocent of second-degree murder. Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial."  <u>Souter v. Jones</u>, 395 F.3d 577, 599-600 (6th Cir. 2005).  Where an otherwise time-barred habeas

7

petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits on his underlying constitutional claims." Id. at 602. "[T]o be credible a gateway claim requires new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical - that was not presented at trial." House v. Bell, 547 U.S. 518, 537 (2006) (internal quotation marks omitted). A court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." Id. (internal quotation marks omitted). It is an extraordinary remedy. See McCray v. Vasbinder, 499 F.3d 568, 577 (6th Cir. 2007). The Court does not find Petitioner's actual innocence argument persuasive for three reasons.

First, Petitioner bases his actual innocence claim on the fact that he has evidence demonstrating that he shot and killed Tony Marshall in self-defense. Although new evidence of self-defense could establish actual innocence because one who kills in self-defense is not guilty of murder, United States ex. rel. Hinton v. Snyder, 128 F. Supp. 2d 1165, 1171-72 (N.D. Ill. 2001), Petitioner has failed to offer new evidence that he acted in self-defense when he shot Tony Marshall. The new evidence would be required because it is clear that the evidence presented at trial when viewed most favorable to the prosecution was sufficient. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The extent of Petitioner's "new evidence" in this case is his own statement, the representation that an investigator spoke with two other witnesses (Lionel Wincher and Tyrell Taylor) following the incident who could corroborate Petitioner's self-defense claim, and two statements

8

dated 10/22/07 and 11/1/07 from two other individuals who were also at the party where the shooting took place.

Petitioner's own statement regarding his innocence, nor the witnesses who provided statements to an investigator constitute new evidence.  During Petitioner's hearing before the trial court on his motion to withdraw the guilty plea, his attorney specifically referenced Petitioner's claim of innocence and the fact that the family hired an investigator who contacted certain witnesses who would support Petitioner's claim of innocence.  (Mot. Hr'g., 2/8/02, 13-14, 18).  The 2007 statements indicate that Petitioner was involved in an altercation with some other "guys" at the party, not initiated by Petitioner, prior to the shooting, but neither individual witnessed what occurred immediately before the shooting,  the shooting itself, nor could they identify who the "guys" were who initiated the altercation.  (Pet. attach.).  Because Petitioner pled guilty, the only available evidence regarding the circumstances of the offenses is the preliminary examination testimony of Robin Davis, an eyewitness who was at the party and saw the shooting, who testified that Petitioner deliberately shot Tony Marshall without provocation or justification.  (Prelim. Hr'g., 5/15/01, pp. 14-15).  Therefore, although the 2007 statements may support Petitioner's claim that there was some provocation prior to the shooting, they do not prove that he is actually innocent in light of the record.  As such, this evidence does not satisfy the high threshold of showing actual innocence, i.e., that no reasonable juror would have convicted Petitioner.

Second, Petitioner does not contend that he was actually innocent of fatally shooting Tony Marshall, but rather that his actions were justified by the doctrine of self-defense.  There is some conflict among the circuits whether homicide justified by self-

9

defense constitutes "actual innocence," as opposed to legal innocence, necessary to satisfy the <u>Schulp</u> standard.  However, the Sixth Circuit indicates that a claim of innocence by reason of self-defense is a claim of legal innocence, not a claim of actual innocence.  <u>Harvey v. Jones</u>, 179 F. App'x. 294, 298-99 (6th Cir. 2006) (rejecting the prisoner's argument that he was innocent by reason of self-defense holding that the actual innocence necessary to entitle a prisoner to equitable tolling of the habeas statute of limitations means factual innocence as opposed to legal innocence.).  Legal innocence, of its nature, is insufficient to support equitable tolling.  See, <u>Id</u>. Since Petitioner is asserting that his actions should be viewed as being less culpable than if done by one acting with intent to do great bodily harm or without provocation, justification, mitigation or excuse, he is asserting a claim of legal, not actual innocence and so does not state a claim that may equitably toll the habeas limitations statute.

Finally, Petitioner pled guilty to second-degree murder and admitted that he shot Tony Marshall with the intent to do great bodily harm "without provocation, mitigation or excuse." (Plea Hr'g., 1/14/02, pp. 15-17).  There is conflict among the circuits regarding how to deal with a guilty plea in the context of a claim of actual innocence, which is based upon the concept of new evidence that now makes it more likely than not that no reasonable juror would have convicted the petitioner. This district, however, noted that a "guilty plea to open murder negates [petitioner's] claim that he is actually innocent." <u>Mitchell v. Jones</u>, No: 05-CV-73190, 2006 WL 250256, at *3 (E.D. Mich. Jan. 31, 2006). As the Supreme Court stated "[s]olemn declarations in open court carry a strong presumption of veracity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977).  This presumption is not overcome at this gateway stage of an untimely habeas petition by

10

reaching the merits of the petitioner's underlying constitutional claims regarding his guilty plea.(i.e.,withdrawal, voluntariness).   As the Souter court stated, a petitioner asserting actual innocence as a means of obtaining equitable tolling "must clear the bar of demonstrating a credible claim of actual innocence before the court will reach the merits of his constitutional claims."  Souter, 395 F.3d at 600.  Therefore, the Court finds that Petitioner has not overcome the significant burden of a guilty plea by offering new evidence of actual innocence not available at trial.

IV.  Conclusion

For the reasons stated above, Petitioner failed to file his habeas petition within the applicable one-year limitations period, and that equitable tolling of the limitations period is not warranted.

Accordingly, Respondent's motion to dismiss is GRANTED.  The petition is DISMISSED.

SO ORDERED.

Dated:  March 3, 2009                    s/Avern Cohn_____
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 3, 2009, by electronic and/or ordinary mail.

                                          s/Julie Owens_____
                                         Case Manager, (313) 234-5160