UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. BRANTLEY,

    Petitioner,

v.                                                 Case No. 07-15478

CARMEN PALMER,                    HONORABLE AVERN COHN

    Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner John W. Brantley, ("Petitioner"), filed a petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Petitioner was convicted of second degree murder and felony firearm for which he is serving a sentence of 18 to 30 years for second-degree murder and 2 years consecutive for the felony-firearm conviction. Respondent filed a motion to dismiss the petition as untimely. The Court granted the motion and dismissed the case. See Memorandum and Order Granting Respondent's Motion to Dismiss, filed March 3, 2009. Petitioner seeks to appeal.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120

S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).

The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a certificate of appealability must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Where, as here, a petitioner files a notice of appeal, the Court must issue an order granting or denying a certificate of appealability. See Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

As explained in the March 3, 2009 order, the petition was clearly time-barred. Petitioner also failed to present new, reliable evidence which would raise sufficient

doubt about his guilt so as to entitle him to equitable tolling of the statute. Reasonable jurists would not debate these conclusions or find that the petition should proceed further. Accordingly, a COA is DENIED.

    SO ORDERED.

                         s/ Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

Dated: September 17, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 17, 2009, by electronic and/or ordinary mail.

                         s/ Julie Owens
                         Case Manager, (313) 234-5160